Filed 4/16/25  P. v. Landaverde CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MAURICIO LANDAVERDE,<br><br>    Defendant and Appellant. | 2d Crim. No. B334537<br>(Super. Ct. No. TA143431)<br>(Los Angeles County) |

Mauricio Landaverde appeals the denial of his petition for resentencing on his attempted murder conviction under Penal Code section 1172.6.[1]  He contends the trial court erred when it found him ineligible for resentencing as a matter of law because Senate Bill No. 1437 (2017-2018 Reg. Sess.) went into effect before he pleaded no contest to the crime.  The Attorney General concedes the error.  We agree and will reverse.

---

[1] Unless otherwise noted, all statutory references are to the Penal Code.

## FACTS AND PROCEDURAL HISTORY

Appellant and others were involved in a gang-related shooting. In September 2019 appellant pleaded no contest to one count of attempted murder. (§§ 187, subd. (a), 664.) He received a negotiated term of 17 years in prison.

Appellant petitioned for resentencing under former section 1170.95 (now section 1172.6) in May of 2022. He denied being the actual shooter and argued prosecutors could not prove his guilt after Senate Bill 1437 abolished imputed malice as a basis for murder. The trial court found appellant ineligible for resentencing because SB 1437's amendments took effect before he pleaded no contest to attempted murder. This meant he "could not have been tried on a theory of imputed malice if his case proceeded to trial." It denied his petition on this ground.

## DISCUSSION

Senate Bill 1437 "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Gentile* (2020) 10 Cal.5th 830, 842, superseded by statute as stated in *People v. Birdsall* (2002) 77 Cal.App.5th 859, 864.) It established a procedure for defendants convicted of murder on an implied malice theory to petition for resentencing under current law. (Former § 1170.95, subd. (a).) Those who accepted a plea in lieu of trial could also petition for resentencing if they "accepted a plea offer in lieu of a trial at which [they] could be convicted for first degree or second degree murder." (*Id.*, subd. (a)(2).)

Senate Bill 1437 went into effect on January 1, 2019. A split of authority developed in the Courts of Appeal on whether the statute eliminated imputed malice liability for *attempted* murder as well. (See *People v. Alaybue* (2020) 51 Cal.App.5th 207, 222.) Appellant entered his no contest plea two years before the legislature resolved the split by enacting Senate Bill No. 775. Senate Bill No. 775 expanded the class of eligible defendants to include those convicted of attempted murder and manslaughter effective January 1, 2022. (Sen. Bill No. 775 (2021-2022 Reg. Sess.) § 2; *People v. Delgadillo* (2022) 14 Cal.5th 216, 223, fn. 3.) When appellant entered his plea, prosecutors could have cited valid authorities holding imputed malice remained a valid theory for attempted murder. (See, e.g., *People v. Lopez* (Aug. 21, 2019, B271516) opn. ordered nonpub. Feb. 10, 2022 ["Senate Bill 1437's legislative prohibition of vicarious liability for murder does not, either expressly or impliedly, require elimination of vicarious liability for attempted murder"]; *People v. Munoz* (Sept. 6, 2019, B283921) opn. ordered nonpub. Jan. 5, 2022 ["Senate Bill 1437 is not ambiguous; by its plain terms, it does not extend to Munoz's offense of attempted murder"].) The trial court at that time was free to choose which line of authority to follow. (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 456 [where appellate court decisions are in conflict, the trial court "can and must make a choice between the conflicting decisions"].)

The trial court therefore erred when it found appellant ineligible for resentencing as a matter of law. The Attorney General concedes error requiring reversal and remand. Remand is required to allow the trial court to consider appellant's petition at the prima facie stage.

## DISPOSITION

The trial court's order denying appellant's section 1172.6 petition as to his attempted murder conviction is reversed. The matter is remanded for the court to conduct further proceedings in accordance with section 1172.6, subdivision (c).

NOT TO BE PUBLISHED.

CODY, J.

We concur:

GILBERT, P. J.

YEGAN, J.

4

Laura R. Walton, Judge
Superior Court County of Los Angeles

_____

Christopher Muller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri, Supervising Deputy Attorney General, and Melanie Dorian, Deputy Attorney General, for Plaintiff and Respondent.